[947 NYS2d 902]

In the Matter of Umana E. Oton, an Attorney, Resignor.

Second Department, July 18, 2012

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

*Umana E. Oton*, Brooklyn, resignor pro se.

### OPINION OF THE COURT

Per Curiam.

By order to show cause, returnable on February 15, 2012, the

Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) moved, pursuant to 22 NYCRR 691.4 (l) (1) (i), (ii) and (iii), for, inter alia, the respondent's interim suspension and authorization to institute and prosecute a disciplinary proceeding against him based on a verified petition dated January 17, 2012. Mr. Oton has now submitted an affidavit sworn to on February 14, 2012, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Oton was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 13, 2002.

Mr. Oton acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of its submission.

Mr. Oton acknowledges that he has been served with the petition containing five charges of professional misconduct, involving allegations that he failed to cooperate with the Grievance Committee's investigation of complaints of professional misconduct against him; engaged in a pattern and practice of failing to properly safeguard funds entrusted to him as a fiduciary, incident to his practice of law; improperly commingled personal funds with fiduciary funds in his escrow account; failed to maintain appropriate records for his escrow account; and failed to reregister as an attorney with the Office of Court Administration. He acknowledges that he cannot successfully defend himself against such charges. He states that he has tendered to the appropriate party the $20,000 in fiduciary funds alleged in the petition that he failed to safeguard.

Mr. Oton's resignation is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends the acceptance of Mr. Oton's resignation, and in view of such resignation, the Grievance Committee requests to withdraw its pending motion.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, Mr. Oton is disbarred and, effective immediately, his name is stricken from

the roll of attorneys and counselors-at-law, and the Grievance Committee's request is granted.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and AUSTIN, JJ., concur.

Ordered that the resignation of Umana E. Oton, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Umana E. Oton, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Umana E. Oton shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Umana E. Oton, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Umana E. Oton, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Mr. Oton shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the application of the Grievance Committee to withdraw its pending motion is granted.